**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No. _____**

**ANDREW WILSON, on behalf of himself and all similarly situated persons,**

    **Plaintiff,**

**v.**

**SST ENERGY CORPORATION,**

    **Defendant**

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Andrew Wilson brings this action individually and on behalf of all oilfield workers (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant SST Energy Corporation (hereinafter "SST Energy"), and were paid hourly plus overtime but whose non-discretionary bonuses were not included in the calculation of their overtime rate thereby depriving Plaintiff and the Putative Class Members the correct amount of overtime pay, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.* and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the CWCA and the CMWA will be referred to collectively as the "Colorado Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Colorado Acts claims are asserted as a class action under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and a class action pursuant to the Colorado Acts and FED. R. CIV. P. 23, to recover overtime wages.

2. Plaintiff and the Putative Class Members are those oilfield workers who worked for SST Energy and were paid hourly plus overtime but whose non-discretionary bonuses were not included in the calculation of their overtime rate thereby depriving Plaintiff and the Putative Class Members the correct amount of overtime pay.

3. The FLSA requires that all forms of compensation—including the non-discretionary job bonuses paid to Plaintiff and the Putative Class Members—be included in the calculation of the regular rate of pay for overtime purposes.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5. Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

6. The decision by SST Energy not to pay the correct amount of overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. SST Energy knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members the correct amount of overtime for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Lederman v. Frontier Fire Protection, Inc.,* 685 F.3d 1151, 1156 (10th Cir. 2012).

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class is certified as defined herein, and the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

12. Plaintiff Andrew Wilson ("Wilson") worked for SST Energy within the meaning of the FLSA and the Colorado Acts within the relevant time period. Plaintiff Wilson did not receive the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Putative Class Members are those oilfield workers who worked for SST Energy and have been subjected to the same illegal pay system under which Plaintiff Wilson worked and was paid.

14. SST Energy Corporation ("SST Energy") is a Colorado for-profit corporation, having its principal place of business in Denver, Colorado. SST Energy may be served through its registered agent for service: **Mary Beth Schroeder, 1580 Lincoln Street, Suite 1200, Denver, Colorado 80203**.

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

---

[2] The written consent of Andrew Wilson is attached hereto as Exhibit "A."

16. This Court has supplemental jurisdiction over the Colorado Acts claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over SST Energy because SST Energy maintains corporate offices within this District.

18. Venue is proper in the District of Colorado because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, SST Energy maintains corporate offices in Denver, Colorado, which is located in this District.

20. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. SST Energy is an industry leader in contract drilling services for the development of oil and natural gas, concentrating on the Rocky Mountain Region of the United States.[3]

22. To successfully manage its interests, SST Energy employed numerous workers who were (mis)classified as independent contractors to manage its well sites and protect its interests in the field.

23. Plaintiff Wilson worked for SST Energy as a Driller from approximately 2006 until July 2016.

24. SST Energy paid Plaintiff and the Putative Class Members on an hourly basis plus non-discretionary bonuses for time worked at well site/drilling location.

25. While SST Energy actually paid overtime for all hours worked over forty (40) each workweek, SST Energy **_did not_** include the non-discretionary job bonuses in calculating Plaintiff and

---

[3] http://sstenergy.com/Home.

the Putative Class Members' regular rate of pay as is required by law. Therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

26. Plaintiff and the Putative Class Members worked long hours. Specifically, these individuals regularly worked more than twelve (12) hours in a day, and more than 84 hours in a week.

27. Upon information and belief, the non-discretionary job bonuses paid to Plaintiff and the Putative Class Members were meant to encourage and motivate Plaintiff and the Putative Class Members to work harder (and faster) and to reward them for their hard (and fast) work.

28. Upon information and belief, the non-discretionary job bonuses were based upon a pre-determined formula established by SST Energy. Moreover, specific criteria had to be met in order to receive the non-discretionary job bonuses.

29. When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive the job bonuses.

30. Upon information and belief, Plaintiff and the Putative Class Members received these non-discretionary job bonuses on a regular and frequent basis.

31. The FLSA and the Colorado Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

32. Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

33. Even though Plaintiff and the Putative Class Members received overtime compensation, SST Energy failed to include the non-discretionary job bonuses in the calculation of their overtime rate as is required by law. Therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

34. SST Energy denied Plaintiff and the Putative Class Members the correct amount of overtime pay as a result of a widely applicable, illegal pay practice.

35. SST Energy applied this pay practice despite clear and controlling law that states that all non-discretionary compensation must be included in an employee's regular rate of pay.

36. Accordingly, SST Energy's pay policies and practices violated (and continue to violate) the FLSA and the Colorado Acts.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

37. All previous paragraphs are incorporated as though fully set forth herein.

38. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF SST ENERGY CORPORATION EMPLOYED AT ANY TIME FROM JULY 31, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY PLUS NON-DISCRETIONARY BONUSES ("FLSA Collective" or "FLSA Collective Members").**

39. At all times hereinafter mentioned, SST Energy has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At all times hereinafter mentioned, SST Energy has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. At all times hereinafter mentioned, SST Energy has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely

related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

42. During the respective periods of Plaintiff and the FLSA Collective Members' employment by SST Energy, these individuals provided services for SST Energy that involved interstate commerce for purposes of the FLSA.

43. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

44. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for SST Energy and were engaged in oilfield services that were directly essential to the production of goods for SST Energy and related oil and gas companies. 29 U.S.C. § 203(j).

45. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

46. In violating the FLSA, SST Energy acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

47. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 38.

48. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of SST Energy.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

49.     All previous paragraphs are incorporated as though fully set forth herein.

50.     SST Energy violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

51.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of SST Energy's acts or omissions as described herein; though SST Energy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

52.     Moreover, SST Energy knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the correct amount of overtime compensation. 29 U.S.C. § 255(a).

53.     SST Energy knew or should have known its pay practices were in violation of the FLSA.

54.     SST Energy is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted SST Energy to pay overtime in accordance with the law.

56.     The decision and practice by SST Energy to not pay the correct amount of overtime was neither reasonable nor in good faith.

57. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

60. Other similarly situated employees have been victimized by SST Energy's patterns, practices, and policies, which are in willful violation of the FLSA.

61. The FLSA Collective Members are defined in Paragraph 38.

62. SST Energy's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

63. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

64. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

65. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

66. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

67. SST Energy employed a substantial number of similarly situated hourly workers since July 31, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

68. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and SST Energy will retain the proceeds of its rampant violations.

69. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

70. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 38 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Colorado Acts)

**A.    COLORADO ACTS COVERAGE**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. The Colorado Acts Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF SST ENERGY CORPORATION WHO WORKED FOR SST ENERGY CORPORATION IN COLORADO, AND WERE PAID HOURLY PLUS NON-DISCRETIONARY JOB BONUSES ("Colorado Acts Class" or "Colorado Acts Class Members").**

73. At all times hereinafter mentioned, SST Energy has been an employer within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

74. At all times hereinafter mentioned, Plaintiff and the Colorado Acts Class Members have been employees within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

75. Plaintiff and the Colorado Acts Class Members were or have been employed by SST Energy and have been covered employees entitled to the protections of the Colorado Acts and were **_not exempt_** from the protections of the Colorado Acts.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS

76. All previous paragraphs are incorporated as though fully set forth herein.

77. The Colorado Acts require that employees receive "time and one-half" overtime premium compensation for hours worked over twelve (12) per day and forty (40) per week.

78. Plaintiff Wilson and other Colorado Acts Class Members have not been exempt from receiving overtime benefits under the Colorado Acts.

79. Plaintiff Wilson and other Colorado Acts Class Members worked more than twelve (12) hours per day and/or forty (40) hours per week during times relevant to this complaint, however, SST Energy violated the Colorado Acts by failing to pay Plaintiff and other class members the correct amount of overtime premium for hours worked over twelve (12) per day and/or forty (40) per week.

80. Plaintiff Wilson and the Colorado Acts Class Members have suffered damages and continue to suffer damages as a result of SST Energy's acts or omissions as described herein; though SST Energy is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages. Plaintiff hereby demands payment on behalf of himself and all Colorado Acts Class Members in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current Colorado Acts Class Members whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

81. As a result of the foregoing conduct, as alleged, SST Energy has failed to pay wages

due under the FLSA and Colorado Acts thereby violating, and continuing to violate, the CWCA. In violating the Colorado Acts, SST Energy acted willfully, without a good faith basis and with reckless disregard of clearly applicable Colorado law.

82. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Colorado Acts, is defined in Paragraph 72.

83. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of SST Energy.

### C. COLORADO ACTS CLASS ALLEGATIONS

84. Plaintiff Wilson brings his Colorado Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by SST Energy to work in Colorado.

85. Class action treatment of Plaintiff Wilson's Colorado Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

86. The number of Colorado Acts Class Members is so numerous that joinder of all class members is impracticable.

87. Plaintiff Wilson is a member of the Colorado Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

88. Plaintiff Wilson and his counsel will fairly and adequately represent the class members and their interests.

89. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

90. Accordingly, the Colorado Acts Class should be certified as in Paragraph 72.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against SST Energy as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 38 and requiring SST Energy to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Colorado Acts Class as defined in Paragraph 72, and designating Plaintiff Wilson as Representative of the Colorado Acts Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Midway liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

f. For an Order pursuant to the Colorado Acts awarding Plaintiff Wilson and the Colorado Acts Class Members unpaid overtime, statutory penalties and other damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

  j. For an Order awarding Plaintiff Wilson a service award as permitted by law;

  k. For an Order compelling the accounting of the books and records of SST Energy, at SST Energy's own expense;

  l. For an Order providing for injunctive relief prohibiting SST Energy from engaging in future violations of the FLSA and the Colorado Acts, and requiring SST Energy to comply with such laws going forward; and

  m. For an Order granting such other and further relief as may be necessary and appropriate.

  n. Plaintiff demands a jury as to all issues so triable.

Date: July 31, 2017    Respectfully submitted,

    **THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**

  By: /s/ *Brian D. Gonzales*
    **Brian D. Gonzales**
    242 Linden Street
    Fort Collins, Colorado 80524
    Telephone: (970) 214-0562
    BGonzales@ColoradoWageLaw.com

    **ANDERSON2X, PLLC**

  By: /s/ *Clif Alexander*
    **Clif Alexander**
    Federal I.D. No. 1138436
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Austin W. Anderson**
    Federal I.D. No. 777114
    Texas Bar No. 24045189
    austin@a2xlaw.com
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    ***Attorneys in Charge for Plaintiff and Putative Class Members***

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decision to classify workers as independent contractors;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on Department of Labor authority when deciding to classify workers as independent contractors;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the Department of Labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or relevant state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees of SST Energy.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.